UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CAROLETTE DANINE MEADOWS,

                          Plaintiff,

v.

KRISTINA LESH and
TAPESTRY CHARTER SCHOOL,

                          Defendants
_____

**DECISION AND ORDER**

10-CV-00223(M)

In accordance with 28 U.S.C. §636(c), the parties have consented to jurisdiction by a United States Magistrate Judge [10].[1] Before me is defendants' motion to dismiss the Complaint pursuant to Fed. R. Civ. P. ("Rule")12(b)(6) [4]. For the following reasons, the motion is granted, without prejudice to the filing of an Amended Complaint.

## BACKGROUND

Plaintiff commenced this action *pro se* seeking relief pursuant to 42 U.S.C. §1983, alleging "religious discrimination" as a result of defendants' interference "with familial religious practice by isolating plaintiff's child an [*sic*] giving her food to eat during fasting hours and undermining plaintiff's parental rights". Complaint [1], p. 1, Nature of Suit.[2] Her first claim alleges that on March 3, 2010 "Kristina Lesh (principal) was notified via written communication that Vashti Meadows was participating in a 7am- 4pm fast and to please excuse her from the

---

[1]     Bracketed references are to the CM/ECF docket entries.

[2]     Although the Complaint does not expressly refer to 42 U.S.C. §1983, Judge Arcara's April 16, 2010 Order granting plaintiff *in forma pauperis* status stated that "the Court will consider the complaint as arising under 42 U.S.C. §1983". [3], p. 1 n. 1.

cafeteria due to religious reasons. Ms. Lesh called plaintiff demanding additional information. Plaintiff cited civil rights and stated she would only provide Ms Lesh with church confirmation of the fast. Ms. Lesh agreed but on that same day called CPS". Id., First Claim.

Plaintiff also alleges that "Ms. Lesh has continued to defy plaintiff and has continued to circumvent plaintiff from picking up child during lunch by removing her from class time, isolating her and presenting her with food". Id., Second Claim. According to plaintiff, this conduct violated her "freedom of religion". Id., p. 4. Plaintiff seeks monetary and injunctive relief. Id., p. 5, Summary of Relief.

In moving to dismiss the Complaint, defendants argue that plaintiff "fails to show any conduct or deprivation of rights guaranteed by the Constitution or by federal law. Further, Plaintiff fails to allege that anyone was acting under the color of law". Defendants' Memorandum of Law [4-3], pp. 2-3. In response to defendants' motion, plaintiff submits a April 23, 2010 letter from the American Center for Law & Justice ("ACLJ") opining that "Tapestry's actions clearly violated Vashti's constitutionally protected right to free expression of religion and free speech". Plaintiff's Response [8], letter, p. 4.

## ANALYSIS

A.  **Plaintiff's Standing to Sue**

Although defendants do not question plaintiff's standing to bring this action, I must raise the question on my own if I have any doubts in that regard. "The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the

most important of the jurisdictional doctrines". FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230 (1990).

"To have standing to pursue a claimed violation of the Free Exercise Clause, a plaintiff must allege that her own 'particular religious freedoms are infringed.'" Altman v. Bedford Central School District, 245 F.3d 49, 71 (2d Cir.), cert. denied, 534 U.S. 827 (2001) (*quoting* School District of Abington v. Schempp, 374 U.S. 203, 224 n. 9 (1986). As an exception to this rule, courts generally recognize that parents have standing to challenge conduct impinging on their right to control the religious upbringing and training of their children. *See, e.g.*, Fleischfresser v. Directors of School District 200, 15 F.3d 680, 684 (7th Cir. 1994) ("One aspect of the religious freedom of parents is the right to control the religious upbringing and training of their minor children . . . . In this case, the parents have a direct, personal right to direct their children's religious training . . . . Therefore, the parents have standing to bring this claim as well"); School District of Abington Township, Pa. v. Schempp, 374 U.S. 203, 225 n. 9 (1963).

However, not *all* parental relationships confer such standing. *See* Elk Grove Unified School District v. Newdow, 542 U.S. 1, 14-18 (2004) (holding that a parent who lacked legal custody of his daughter did not have standing to pursue an Establishment Clause claim arising from the recitation of the Pledge of Allegiance in his daughter's classroom). Although the Complaint alleges that Vashti Meadows is plaintiff's "child", it does not directly allege that plaintiff has legal custody of her.

Since I am in any event recommending that the Complaint be dismissed with leave to replead, plaintiff will have the opportunity in her Amended Complaint to clarify whether or not she has legal custody of Vashti Meadows. *See* Multistack LLC v. Arctichill Inc.,

-3-

2006 WL 510506, *6 (S.D.N.Y. 2006) (granting plaintiffs leave to replead to cure a standing defect).

B.      Standard of Review

"When, as here, the complaint is filed by a *pro se* plaintiff, we construe the complaint liberally, interpreting it to raise the strongest arguments that it suggests." Caro v. Weintraub, __F.3d__, 2010 WL 3191353, *2 (2d Cir. 2010). Moreover, "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated". Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991).

"Notwithstanding this rule, however, even when a plaintiff is proceeding *pro se*, all normal rules of pleading are not absolutely suspended." Johnson v. Connolly, 2008 WL 724167, *6 (N.D.N.Y. 2008). Thus, where the problem with plaintiff's complaint is "substantive [and] better pleading will not cure it [,] . . . [s]uch a futile request to replead should be denied". Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

C.      Plaintiff §1983 Claim

Even if plaintiff has standing to pursue her claims, I conclude that the Complaint is facially deficient. "In order to maintain a section 1983 action, two essential elements must be present: (1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13

F.3d 545, 547 (2d Cir. 1994). Plaintiff's complaint fails to allege either element of a §1983 claim.

    **1.**    **"Color of State Law**

Plaintiff fails to directly allege that defendants were acting under color of state law, or to allege facts suggesting that they did so. "It is the plaintiff's duty to allege that the defendant acted under color of state law, and if a plaintiff fails to plead that element of his claim, a court may dismiss an action under 28 U.S.C. §1915(e)." Scott v. Djeck, 2010 WL 145297, *4 (N.D.N.Y. 2010).

Moreover, there is a split of authority as to whether charter schools such as defendant Tapestry can be considered "state actors" subject to liability under §1983.[3] Even if Tapestry is a "state actor", plaintiff still fails to allege that unconstitutional conduct is the result of its official policy or custom, as required for §1983 liability. *See* Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 690-691 (1978); Booker v. Board of Education, Baldwinsville Central School District, 238 F. Supp. 2d 469, 475 (N.D.N.Y.2002).

---

[3]     *Compare* Scaggs v. New York State Department of Education, 2007 WL 1456221, *13 (E.D.N.Y. 2007) ("claims addressing the nature and quality of education received at charter schools may be properly brought against such schools and their management companies under Section 1983"); Matwijko v. Board of Trustees of Global Concepts Charter School, 2006 WL 2466868, *4-5 (W.D.N.Y. 2006) (Arcara, J./Schroeder, M.J.) *with* Logiodice v. Trustees of Maine Central Institute, 296 F.3d 22, 28-32 (1st Cir. 2002), cert. denied, 537 U.S. 1107 (2003) (finding that a private school which operated under a contract with the state and a local school district was not a state actor for purposes of §1983); Curto v. Smith, 248 F. Supp. 2d 132, 137-140 (N.D.N.Y. 2003); aff'd in part and dismissed in part, 87 Fed. Appx. 788 (2d Cir. 2004) (finding that despite its hybrid public-private nature, the Cornell College of Veterinary Medicine was not a state actor).

### 2. Violation of Plaintiff's Constitutional Rights

Plaintiff alleges that defendants discriminated against her based on her religion. Although "religious discrimination challenges are rarely brought under the equal protection clause, thanks to the existence of the First Amendment", United States v. Brown, 352 F.3d 654, 669 n. 18 (2d Cir. 2003), "[i]t is unclear whether plaintiffs are attempting to state a claim under the Free Exercise Clause or the Equal Protection Clause. The Court has therefore considered the Complaint under both". People United for Children, Inc. v. City of New York, 108 F. Supp. 2d 275, 297 (S.D.N.Y. 2000).

#### a. First Amendment: Free Exercise Clause

The Free Exercise Clause provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. "The Free Exercise Clause of the First Amendment is an unflinching pledge to allow our citizenry to explore religious beliefs in accordance with the dictates of their conscience." Jackson v. Mann, 196 F.3d 316, 320 (2d Cir.1999).

However, "[n]ot every belief put forward as 'religious' is elevated to constitutional status. As a threshold requirement, there must be some reasonable possibility 1) that the conviction is sincerely held and 2) that it is based upon what can be characterized as theological, rather than secular *e. g.*, purely social, political or moral views." Stevens v. Berger, 428 F.Supp. 896, 899 (E.D.N.Y. 1977) (*citing* Wisconsin v. Yoder, 406 U.S. 205 (1972)). Additionally, "[t]he government's interference with religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is

central to religious doctrine.'" Fruchter v. Sossei, 1995 WL 274457, *3 (S.D.N.Y.1995) (*quoting* Graham v. Commissioner, 822 F.2d 844, 851 (9th Cir. 1987), aff'd, 490 U.S. 680 (1989)).

Defendants argue that "Plaintiff makes no assertion that she had a 'sincerely held religious belief.' In fact, Plaintiff does not allege what her religion is or what her beliefs, are, if any at all. . . . [E]ven if a religious belief could somehow be discerned from Plaintiff's vague and conclusory allegations, there is no assertion that any such beliefs were genuine and sincerely held. Plaintiff alleges no facts whatsoever concerning her religious beliefs and/or importance of the practices she purports to seek to protect to her religious beliefs." Defendants' Memorandum of Law [4-3], p. 6. I agree.

I recognize that "'[t]he inquiry into the sincerity of a free-exercise plaintiff's religious beliefs is almost exclusively a credibility assessment, . . . and therefore the issue of sincerity can rarely be determined on summary judgment,' let alone a motion to dismiss." Reid v. Wiley, 2009 WL 1537879, *5 (D.Colo. 2009) (*quoting* Snyder v. Murray City Corp., 124 F.3d 1349, 1352-53 (10th Cir.1997)). However, at the pleading stage, the complaint must still assert sufficient allegations necessary to establish that plaintiff's claim is based upon a sincerely held religious belief. Because the Complaint fails to identify plaintiff's religion or explain the role of fasting in her religion, it fails to set forth facts demonstrating that the disputed conduct infringed upon a sincerely held religious belief. *See* Jackson v. Boucaud, 2009 WL 6066799, *6 (N.D.N.Y. 2009), adopted, 2010 WL 933744 (N.D.N.Y. 2010) (dismissing free exercise claim where "[p]laintiff's complaint alleges in conclusory fashion that defendants denied him religious freedom when refusing to permit access to the material at issue, described by him as an interpretation of sections of the Bible, without any further clarification of what his religion is, or

what sincerely-held beliefs are attached to its practice"); Turner v. Oakland Police Officers, 2010 WL 816797, *4 (N.D.Cal. 2010) (dismissing free exercise claim where "[a]bsent some description of plaintiff's religion, his religious practices, and the role and importance of blessing oil in the religion, it is impossible to determine whether plaintiff's beliefs are sincerely held and whether blessing oil is rooted in that religious belief").

Even when liberally construed, plaintiff's general reference to a "familial religious practice", without an explanation of the role and importance of fasting to this religion, is insufficient to allege a sincerely held religious belief. "'[P]hilosophical and personal' belief systems are not 'religious' belief, in spite of the fact that these belief systems may be held with 'strong conviction' and inform critical life choices". Caviezel v. Great Neck Public Schools, 701 F. Supp. 2d 414, 427 (E.D.N.Y. 2010) (quoting Mason v. General Brown Central School District, 851 F.2d 47, 52 (2d Cir.1988)).

Although the ACLJ letter upon which plaintiff relies alleges additional facts, including that the fasting was in observance of the Christian season of Lent, "allegations made outside of the complaint introduced by plaintiffs . . . in opposition to motions to dismiss are not properly before the court on a motion to dismiss". Goplen v. 51job, Inc., 453 F. Supp. 2d 759, 774 (S.D.N.Y. 2006).[4]

---

[4] Alternatively, defendants argue that "even if it can be found that Plaintiff alleged a 'sincerely held religious belief,' . . . . [p]laintiff simply has not alleged facts demonstrating an unconstitutional interference with her alleged religious freedom". Defendants' Memorandum of Law [4-3], p. 7. I disagree. Assuming that plaintiff had sufficiently alleged that fasting was a sincerely held religious belief, I would not find that plaintiff's allegation that defendants "g[ave] her food to eat during fasting" fails, as a matter of law, to demonstrate a substantial interference with this practice.

### b. Fourteenth Amendment: Equal Protection/Religious Discrimination

"In order for plaintiffs to state an equal protection claim, they must allege that they were intentionally discriminated against on the basis of a protected classification, in this case, religion." People United for Children, Inc. v. City of New York, 108 F. Supp. 2d 275, 298 (S.D.N.Y. 2000). Defendants argue that plaintiff's Equal Protection claim must be dismissed because she "has not set forth any facts concerning her religion, . . . . nor has she alleged that the Defendants knew what her religion was. . . . [or] that she was treated in any way differently from any other individual". Defendants' Memorandum of Law [4-3], p. 8.

I agree. "Merely stating that defendants have violated plaintiffs' rights to be free from discrimination on the basis of religion does not establish an equal protection violation". People United for Children, Inc., 108 F.Supp.2d at 299. Without identifying her religion or alleging that defendants were aware of her religion, plaintiff has not sufficiently alleged facts demonstrating that defendants acted with an intent or purpose to discriminate against plaintiff based upon her membership in a protected class.[5]

Although plaintiff's complaint is deficient, "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated". Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991); Liggins v. Clarke County School Board, 2010 WL 364366, *3 (W.D.Va. 2010) (plaintiff's "memoranda in opposition to the defendants' motion include multiple allegations that were not included in his complaint. Having reviewed those additional allegations, it appears that the plaintiff might be

---

[5] Having concluded that plaintiff's complaint is facially deficient, I need not address defendants' qualified immunity argument. Defendants' Memorandum of Law [4-3], p. 10.

able to allege sufficient facts to state a viable . . . claim. Accordingly, . . . plaintiff will be granted leave to file an amended complaint that includes factual allegations which would support such claim").

## CONCLUSION

For these reasons, defendants' motion to dismiss the Complaint [4] is granted, without prejudice to plaintiff's right to file an Amended Complaint by October 8, 2010.

**SO ORDERED.**

DATED: September 17, 2010

                                    /s/ Jeremiah J. McCarthy
                                    JEREMIAH J. MCCARTHY
                                    United States Magistrate Judge